STATE OF WEST VIRGINIA

*In re*: **J.H. and L.M.**

**No. 17-0196** (Kanawha County 16-JA-507 & 16-JA-508)

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.M., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's January 23, 2017, order terminating her parental rights to J.H. and L.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer N. Taylor, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying an extension of her preadjudicatory improvement period and in finding that the DHHR provided her adequate services below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an abuse and neglect petition against petitioner after receiving a referral that the infant J.H. tested positive for opiates, methamphetamines, hydrocodone, roxicodone, oxycodone, and THC at birth. The DHHR also alleged a history of domestic violence between petitioner and the father. As such, the DHHR removed the children from the home and placed them with their maternal grandmother.

Also, in September of 2016, petitioner waived her preliminary hearing. Thereafter, the circuit court ordered petitioner to be drug screened. Further, the circuit court ordered the DHHR to provide services to petitioner, including inpatient and outpatient rehabilitation services, parenting and adult life skills classes, domestic violence counseling classes, and bus passes. The circuit court also granted petitioner a preadjudicatory improvement period and ordered her to participate in the services offered by the DHHR and to submit to random drug screens.

At a November of 2016 adjudicatory hearing, petitioner's drug screens were admitted into evidence. The screens revealed that petitioner tested positive for methamphetamine,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

oxycodone, and benzoates. A Child Protective Services ("CPS") worker testified that petitioner failed to complete a series of safety plans instituted before the abuse and neglect petition was filed. CPS implemented these plans to resolve issues concerning the cleanliness of the home and lack of utilities. Petitioner testified she was taking drugs that were not prescribed to her and that she obtained the drugs illegally. The circuit court found that petitioner abused and neglected the children based on her drug use and history of violence with the father.

At the dispositional hearing in January of 2017, a CPS worker testified that both parents had participated in their services "to a certain point . . . oftentimes where they participated just enough to get by and then other times that they wouldn't . . . keep their appointments." Moreover, it was established that petitioner failed to enter or attempt to enter into a drug rehabilitation program. Petitioner missed several drug screens and tested positive for multiple substances on drug screens throughout the proceedings. In fact, at the time of the dispositional hearing, she was four and a half months pregnant, but continued to use illicit drugs. Based on this evidence, the circuit court found petitioner to be unwilling or unable to provide adequately for her children's needs, based largely on her drug use. Further, the circuit court found that petitioner failed to show any substantial improvement and that there was no likelihood that she would ever improve. As such, the circuit court terminated petitioner's parental rights to the children. [2] It is from the dispositional hearing that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

According to petitioner, the circuit court erred in denying an extension to her preadjudicatory improvement period because she was not given adequate time to improve. In support of her argument, petitioner asserts that the DHHR stopped offering services in December

---

[2]According to the DHHR and the guardian, J.H. has been placed with his maternal grandmother with a goal of adoption in that home. According to the DHHR and the guardian, L.M. resides with his non-abusing father.

of 2016, and that two months was not enough time to show compliance with the improvement period. However, the record is clear that petitioner failed to substantially comply with the terms of her preadjudicatory improvement period and, therefore, did not meet the burden to be granted an extension of the same. Pursuant to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period when, among other factors, "the court finds that the [parent] has substantially complied with the terms of the improvement period . . . ." Based upon the record, petitioner did not comply with the terms of her preadjudicatory improvement period. Moreover, petitioner failed to substantially comply with adult life skills classes, parenting classes, and domestic violence classes. Further, she failed to enter or attempt to enter into a drug rehabilitation program as suggested by the circuit court. She continued to use illegal drugs, despite being pregnant. Her failures to comply with the terms of the improvement period clearly show that she was not likely to correct the conditions of abuse and neglect. As such, it is clear that the circuit court did not err in denying petitioner an extension to her preadjudicatory improvement period.

In her second assignment of error, petitioner argues that the circuit court erred in finding that the DHHR adequately attempted to provide services during the pendency of the proceeding. We disagree. West Virginia Code § 49-4-604(b)(7) sets forth the situations in which the DHHR is absolved of its statutory duty to make reasonable efforts to preserve the family, none of which apply to the current matter. As such, petitioner accurately claims that the DHHR had a duty to make such efforts below. However, as stated above, the circuit court ordered the DHHR to provide services to petitioner, including inpatient and outpatient rehabilitation services, parenting and adult life skills classes, domestic violence counseling classes, and bus passes. In support of her argument, petitioner claims that she was not offered classes or drug screens in December of 2016. However, West Virginia Code § 49-4-610(4)(A) requires a parent that has been granted an improvement period be responsible for the initiation and completion of all terms of the improvement period. Here, the DHHR offered services, but petitioner either failed to take advantage of them or only participated sporadically. Regardless of when services ceased, petitioner clearly did not comply during the period that such services were offered. Therefore, we find no error by the circuit court to order the DHHR to provide adequate services below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 23, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3